Tucker, Richard T., J.
This matter came on for hearing upon plaintiffs, Robert C. DiMarzio (Robert) and Patricia E. DiMarzio’s (Patricia), motion for real estate attachment of property owned by their son, defendant Steven R. DiMarzio (Steven). Steven’s wife, Elizabeth E. DiMarzio (Elizabeth) is also a named defendant.
At issue is the nature of a $200,000 advancement of funds made by Robert and Patricia to Steven and Elizabeth in the June through November 2009 period for the purpose of repairs, renovations and additions to Steven and Elizabeth’s home. Currently Steven and Elizabeth are engaged in divorce proceedings and their home, as well as this $200,000 advancement, is or will be in issue in regard to the equitable distribution of marital assets and debt in the divorce degree. Steven, in his answer, agrees with his parents that the advance was a loan for which this court should approve an attachment of his home. Elizabeth, while admitting in an affidavit that at the time of the advancement “(a]ll agreed that the money would be paid from the proceeds from the refinancing after the renovations were complete,” states that this loan debt was forgiven by plaintiffs.
On November 22, 2011 the parties were heard on the motion to attach. After review of the affidavits and memoranda submitted, and hearing the arguments of counsel, the court ruled that credibility was at issue and that an evidentiaiy hearing was necessary.
On December 22, 2011 an evidentiaiy hearing was held at which both plaintiffs, defendant Elizabeth and a mutual friend of Steven and Elizabeth, Daniel S. Kline (Kline), testified. Additionally three exhibits, including a log or journal book of Robert, in which he kept accountings of the many loans made through the years to each of his five children, were entered into evidence.
After consideration of the evidence submitted, both testimonial and documentary, I make the following findings and rulings.
1. The $200,000 advancement. I find that the advancement of $200,000 is likely to be proven to be a loan from Robert and Patricia to Steven and Elizabeth. The contention of Elizabeth that the loan was forgiven due to the financial and health problems experienced by Steven is supported solely by her testimony. In a prior affidavit submitted on this issue, Elizabeth claimed that when “it became clear to my mother-in-law that Steven DiMarzio could not pay this loan back she stated on several occasions that the loan was forgiven and now was to be considered an advancement of his inheritance.” Her testimony, however, was that during a single conversation on the patio or deck with both Robert and Patricia in April or May 2010, Patricia stated words to the effect that due to Steven’s illness (depression) and inability to finish the project or repay the loan, that “|y]ou don’t have to worry about the money, it will be considered an advance inheritance.” Robert, who was then present, neither then nor any time thereafter, ever made a similar statement.
I find that Elizabeth’s testimony is likely to be found insufficient to overcome the substantial evidence presented that Robert and Patricia loaned $200,000 to Steven and Elizabeth. Thus, I find that the plaintiffs enjoy a likelihood of success in proving that the nature of this transaction was a loan and that it has not been forgiven.
2. Health insurance premiums. I find that Steven and his brother John from time to time performed services for Patricia’s company, J.D. Intentions, LLC, and were provided family health benefits through the company’s health insurance plan. For this they each reimbursed the company for the monthly premiums. I find that plaintiffs are likely to prove that defendants now owe $23,112.00 as of November 21, 2011 for *336 unreimbursed health insurance premiums paid on their behalf.[1]
3. Real estate attachment. I find that plaintiffs are likely to recover on the loan and health insurance premium claims. I also find that no insurance or other assets exist that would be available to pay any such judgment. Therefore, I find the plaintiffs to be entitled to an attachment of real estate.
ORDER
The plaintiffs’ motion for real estate attachment is ALLOWED in the amount of $225,000.

The evidence as to whom this amount if owed was unclear. Although Robert and Patricia testified to these payments being owed to them, whether the LLC actually made these payments and, thus is due repayment, was not established.